IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH PURANDA, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:10CV733–HEH
)
M.L. HILL, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Dismissing § 1983 Action)

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright &

Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary of Allegations and Claims**

On July 24, 2009, correctional officials at the Lawrenceville Correctional Center ("LCC") served Puranda with a series of three institutional charges.[1] On July 30, 2009, Puranda attended a hearing for the charges. A hearing officer found Puranda guilty and sentenced Puranda to thirty (30) days of isolation on each charge. Puranda also was sentenced to "60 days EGT" on one charge.[2] (Br. Supp. Compl. 1.) Additionally, LCC staff referred Puranda for a transfer and ultimately transferred Puranda to Sussex I State Prison.

On August 5, 2009, Puranda received a fourth charge. On August 26, 2009, a hearing officer found Puranda guilty of the fourth charge and penalized him with thirty days of isolation. Puranda timely appealed all four of his convictions.

Puranda contends entitlement to relief because "no response was made to Petitioner[']s Appeal Packets Denying Petitioner of his right to Appeal, In Violation of the Due Process & Equal Protection Clauses of the Constitution 1st,[3] 5th[4] & 14th Amendment.[5]" (Compl. 5.) Puranda also complains that

---

[1] Puranda does not specify the nature of the charges and disciplinary reports identifying the charges are difficult to decipher. (Br. Supp. Compl. Ex. A.) It appears that two of charges involved possession of a sharpened weapon and assault.

[2] Puranda does not define the term EGT. One of the disciplinary reports that accompany the Complaint states that Puranda received as punishment "60 days L.G.T." (Br. Supp. Compl. 1 Ex. A Disciplinary Report 62014.) The Court assumes this penalty refers to a loss of 60 days of good time credit.

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for the redress of grievances." U.S. Const. amend. I.

[4] The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

3

he has been subjected to "Cruel & Unusual Mental Punishment."[6] (Br. Supp. Compl. 5.) Puranda names M.L. Hill, the Virginia Department of Corrections official who was responsible for processing his appeals, as the sole defendant. *(See id.* at 1-2.)

## Analysis

Although Puranda references the First, Fifth, and Eighth Amendments in his Complaint and the Brief in Support of the Complaint, Puranda fails to explain how his rights under those amendments were implicated, much less violated by Defendant Hill's action. For example, in order to state an Eighth Amendment claim, an inmate must allege facts that suggest he was subjected to an unnecessary and wanton infliction of pain, *Wilson v. Seiter,* 501 U.S. 294, 298 (1991), "contrary to contemporary standards of decency." *Helling v. McKinney,* 509 U.S. 25, 32 (1993) *(citing Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). Puranda does not allege any such facts. "Where the context, as here, makes clear a litigant's essential grievance, the complainant's additional invocation of general legal principles need not detour the district court from resolving that which the litigant himself has shown to be his real concern." *Beaudett,* 775 F.2d at 1278. In light of the foregoing principles, the Court will proceed to address the only claims squarely raised in the Complaint, Puranda's assertion that Defendant Hill violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

### A. Due Process

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569 (1972). The first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects

---

U.S. Const. amend. V.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV, § 1.

[6] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

a protected interest. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997).

In order to establish a state-created liberty interest, Puranda "must make a threshold showing that the deprivation imposed amounts to an 'atypical and significant hardship' or that it 'inevitably affect[s] the duration of his sentence.'" *Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (alteration in original) (*quoting Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). If Puranda makes this threshold showing, he then must identify the state regulatory or statutory language that creates a protected liberty interest in remaining free from segregated confinement. *See id.*

Here, Puranda's institutional convictions resulted in: (1) his placement in isolation; (2) a change to his security level; and, (3) an alteration in the rate at which he earns good conduct allowances. (Br. Supp. Compl. 1.) Puranda fails to allege facts that plausibly suggest the punishment imposed, isolation, and change in security classification, amounted to an atypical and significant hardship in relation to the ordinary incidents of prison life.[7] *See Knight v. Johnson*, No. 3:10CV648, 2011 WL 4101664, at *4-*5 (E.D. Va. Sept. 14, 2011); *Bynum v. Saunders*, No. 3:10cv028, 2010 WL 4963593, at *2 (E.D. Va. Sept. 8, 2010) (concluding an inmate does not enjoy a protected liberty interest in avoiding isolation); *Perry v. Edmonds*, No. 7:09-cv-00315, 2009 WL 2337998, at *3 (W.D. Va. July 28, 2009) ("Plaintiff's classification or isolation penalty clearly does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force." (*citing Beverati*, 120 F.3d at 503)); *Thompson v. Johnson*, No. 7:07cv00571, 2007 WL 4355256, at *2 (W.D. Va. Dec. 10, 2007) (citing cases). Furthermore, the pertinent state laws do not create a liberty interest in obtaining a particular classification for earning good conduct time or ESCs against a criminal sentence.[8] *See Puranda*, 2009 WL 3175629, at *5. Thus, Puranda's allegations that he was punished with isolation, a lower security classification,

---

[7] To the extent that Plaintiff suggests he was transferred as a result of his conviction, Plaintiff does not enjoy a protected liberty interest in avoiding a transfer. *See Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1986).

[8] Virginia inmates, like Puranda, who committed felonies after 1994, *see Puranda*, 2009 WL 3175629, at *1 n.4, accumulate earned sentence credits ("ESC") to reduce their term of confinement. *See id.* at *1 (*citing* Va. Code Ann. 53.1-202.2 (2008)).

5

and less advantageous ESC classification do not implicate a protected liberty interest.

Puranda also asserts that his convictions resulted in forfeiture of "60 days EGT." (Br. Supp. Compl. 1.) To the extent Puranda claims prison officials revoked vested good time credits, his claim does implicate a protected liberty interest. *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 653 n.9 (4th Cir. 2007) (*citing Wolff v. McDonnell*, 418 U.S. 539, 560-61 (1974)). Nevertheless, the Constitution guarantees only the following minimal process prior to revoking vested good time credits:

> (1) an impartial tribunal; (2) written notice of the charges prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are complex; and, (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action.

*Coor v. Stansberry*, No. 3:08CV61, 2008 WL 8289490, at *2 (E.D. Va. Dec. 31, 2008) (*citing Wolff*, 418 U.S. at 563-71.) Puranda does not allege that he was deprived of any of the above procedural protections. Instead, he claims he was denied his right to appeal. Puranda, however, "[does] not enjoy a procedural due process right to an appeal." *Id.* (*citing Wolff*, 418 U.S. at 563-71; *Johnson v. Goord*, 487 F. Supp. 2d 377, 386 (S.D.N.Y. 2007)); *Brown v. Angelone*, 938 F. Supp. 340, 345 (W.D. Va. 1996). Accordingly, Puranda has failed to state a claim for denial of due process.

### B. Equal Protection

In order to state a claim under the Equal Protection Clause, a plaintiff must allege facts that indicate "'that he [or she] has been treated differently from others with whom he [or she] is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" *Veney v. Wyche*, 293 F.3d 726, 730-31 (4th Cir. 2002) (*quoting Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Puranda has not stated sufficient facts to satisfy either element. Accordingly, Puranda has failed to state a claim for denial of equal protection.

## Conclusion

It is RECOMMENDED that the action be DISMISSED for failure to state a claim.

(November 28, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff filed an amended complaint.

## II. Plaintiff's Amended Complaint

In the Amended Complaint, Plaintiff raises five claims for relief. The Magistrate Judge's analysis applies with equal force to the majority of the claims raised in the Amended Complaint. For example, in Claim One, Plaintiff once again complains that he did not receive due process in conjunction with his institutional convictions from July and August of 2009. Nevertheless, as explained by the Magistrate Judge, Plaintiff again fails to allege facts indicating the deprivation of a protected liberty interest or the denial of due process. Moreover, the convictions did not cause any subsequent assault. Accordingly, Claim One will be dismissed.

In Claim Two, Plaintiff complains that his cell-mate assaulted him on December 20, 2010. Plaintiff contends that Ms. Hill and Warden Wright are responsible for this assault because they denied him due process with respect to his institutional convictions in July and August of 2009. Plaintiff, however, has failed to allege facts that support a claim of denial of due process in conjunction with those convictions. Accordingly, Claim Two is factually and legally frivolous and will be dismissed.

In Claim Three, Plaintiff contends that because of his institutional convictions he lost his prison job and has not been able to secure another job. Plaintiff, however, does not enjoy a constitutional entitlement to prison employment. *See Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978). Accordingly, Claim Three will be dismissed.

In Claim Three and elsewhere in his Amended Complaint, Plaintiff contends he was denied equal protection. Plaintiff, however, fails to allege facts that plausibly suggest any unequal treatment "'was the result of intentional or purposeful discrimination.'" *Veney v. Wyche*, 293 F.3d 726, 730–31 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). Accordingly, Claim Three and Plaintiff's equal protection claims will be dismissed.

In Claims Four and Five, Plaintiff complains that his transfer to a higher security institution violated his constitutional rights. As noted by the Magistrate Judge, Plaintiff's transfer to a higher security prison does not implicate a protected liberty interest. Additionally, Plaintiff contends that he was subjected to cruel and unusual punishment. Plaintiff, however, does not allege any facts that suggest any defendant subjected him to "unnecessary and wanton infliction" as proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). Accordingly, Claims Four and Five will dismissed.

Lastly, in Claim Six, Plaintiff asserts that Gary Bass, the Chief of Operations, violated Puranda's constitutional rights by failing to respond to Plaintiff's correspondence. Contrary to Plaintiff's suggestion, "a state's failure to abide by its own

law as to *procedural* protections is not a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (emphasis in original) (citing *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Accordingly, Claim Six will be dismissed and the action will be dismissed.

The Clerk will be directed to note the disposition of the action for the purposes 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 14, 2012
Richmond, Virginia

9